Plaintiff's Name BENNYYSHANTEL HUNTER
Inmate No. n/a
Address 3308 Loyalton Ave Apt. D
Bakersfield, California 93313

**FILED**

JAN 13 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

BENNY SHANTEL HUNTER
(Name of Plaintiff)

Case Number: 1:10-CV-00067-OWW DLB

vs.

COMPLAINT

PETER BEAGLEY, BRENT STRATTON,
JEFFERY MARTIN, RYAN KROEKER
and SCOTT THATCHER et. al
of the Bakersfield Police Department
are being sued in their individual
capacity
JOHN DOES 1-50
(Names of all Defendants)

Civil Rights Act, 42 U.S.C. § 1983

**RECEIVED**

JAN 13 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

I. Previous Lawsuits (list all other previous or pending lawsuits on back of this form)

   A. Have you brought any other lawsuits while a prisoner? Yes ___ No X

   B. If your answer to A is yes, how many? n/a
      Describe previous or pending lawsuits in the space below.
      (If more than one, use back of paper to continue outlining all lawsuits.)

      1. Parties to this previous lawsuit:

         Plaintiff n/a

         Defendants n/a

      2. Court (if Federal Court, give name of District; if State Court, give name of County)
         n/a

      3. Docket Number n/a    4. Assigned Judge n/a

      5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
         n/a

      6. Filing date (approx.) n/a    7. Disposition date (approx.) n/a

1

II. **Exhaustion of Administrative Remedies**

   A. Is there an inmate appeal or administrative remedy process available at your institution?

   Yes___ No _X_

   B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

   Yes___ No _X_

   If your answer is no, explain why not __n/a__

   C. Is the process completed?

   Yes___   If your answer is yes, briefly explain what happened at each level.
   n/a

   No _X_   If your answer is no, explain why not.

**NOTICE:** Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit.** Booth, 532 U.S. at 734.

III. **Defendants**

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

   A. Defendant __Peter Beagley__ is employed as __Police Officer__ at __Bakersfield Police Department__

2

B. Additional defendants  Brent Stratton   police officer   Bakersfield Police Department
Jeffery Martin   police officer   Bakersfield Police Department
Ryan Kroeker   police officer   Bakersfield Police Department
Scott Thatcher  police officer   Bakersfield Police Department
John Does 1-50

IV. **Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

SEE ATTACH

V. **Relief.**

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Order the defendant(s) to pay plaintiff redress for the amount stated in document

I declare under penalty of perjury that the foregoing is true and correct.

Date 10-31-09       Signature of Plaintiff  Benny Hunter

(revised 6/01/04)

3

BENNY SHANTEL HUNTER

3308 LOYALTON AVE APT. D

BAKERSFIELD, CALIFORNIA 93313

IN PRO-PER



# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY SHANTEL HUNTER ) | CASE NO: 1:10-CV-00067-OLB-PC |
| ) | CIVIL RIGHTS ACT, 42 U.S.C. 1983 |
| vs. ) | DEMAND FOR A JURY TRIAL AND |
| ) | FOR COMPENSATORY AND |
| OFFICERS PETER BEAGLEY ) | PUNITIVE DAMAGES |
| BRENT STRATTON, JEFFERY ) | |
| MARTIN, RYAN KROEKER and ) | |
| SCOTT THATCHER et., al ) | |
| of the Bakersfield Police ) | |
| Department are being sued in ) | |
| Their individual capacity ) | |

PLAINTIFF ALLEGES

1. This is an action brought under 42 U.S.C. 1983 Civil Rights Act. Plaintiff claims are result of a illegal arrest in violation of the Fourth and Eighth Amendment of the United States Constitution.
2. The jurisdiction of this court is predicated on 28 U.S.C. and 1331, 1343.
3. Plaintiff Benny Shantel Hunter is and at all times mentioned in this complaint is a citizen of the United States of America and a resident of Kern County, Bakersfield, California.
4. Defendant(s) Peter Beagley 1017, Brent Stattton 967, Jeffery Martin 1020, Ryan Kroeker 1035 and Scott Thatcher 853 are and at all times mentioned in this complaint were residents in Kern County, Bakersfield, California. Venue is therefore proper under 28 U.S.C. 1391(b).
5. The events giving rise to this action occurred in Kern County, California, venue is therefore under 28 U.S.C. 1391(b).
6. Defendant(s) Peter Beagley 1017, Brent Stratton 967, Jeffery Martin 1020, Ryan Kroeker 1035 and Scott Thatcher 853 is/are at all times mentioned in this complaint, is/are employed in Kern County.
7. Defendant(s) Peter Beagley 1017, Brent Stratton 967, Jeffery Martin 1020, Ryan Kroeker 1035 and Scott Thatcher 853 is/are at all times mentioned in this complaint, personally acting under Color of Authority while in the course of their employment as Bakersfield Police.
8. Defendant(s) Peter Beagley 1017, Brent Stratton 967, Jeffery Martin 1020, Ryan Kroeker 1035 and Scott Thatcher 853 is/are at all times mentioned in this complaint, acting personally while under Color of State Law in California.

9. Defendant(s) Peter Beagley 1017, Brent Stratton 967, Jeffery Martin 1020, Ryan Kroeker 1035 and Scott Thatcher 853 is/are being sued in their individual capacity.

10. Plaintiff seeks re-dress via compensatory and punitive damages for violation of his constitutional rights and State Statues to wit: the 4th and 8th Amendment of the U.S. Constitution and California Constitution, Article 1, sec 7; Article 1 sec 13 and Penal Code 236.

### STATEMENT OF FACT

On 10/4/09 I was visiting the Western Nights Motel when the (BPD) Bakersfield Police rolled in and came running up the stairs to room 225, I was standing by the stairs as they passed me by, however Officer Paiz stop me and ask if I had any illegal drugs on me, I responded with affirmative that I had some weed, and then he ask me to a consent to a search in which I did not agreed to a pat down search. Officer Paiz without probable cause decided to place Plaintiff in hand cuffs and arrest Plaintiff for less than a ounce of marijuana, which should have been a ticket as a matter of Law...

Plaintiff was not aware until 10/23/09 that Defendant Officer Peter Beagley claimed to wit;

"**On 10/04/09 at about 2030 hours, I received a telephone call from a Confidential Reliable informant, herein referred to as a CRI, that she/he observed several subjects selling what she/he to be Cocaine described the suspects:**

1. **Black male, early thirties, 5-05 tall, 200 pounds, wearing a black wave cap and all black clothing.**

2. **Black male, early twenties, 5-08 tall, 220 pounds, wearing a black hat and all black clothing.**

The CRI advised the suspects were concealing the suspected Cocaine Base in their buttocks. The CRI was unable to provide any further details."

Notwithstanding the supra, Defendants did not have probable cause to arrest Plaintiff and if the supra was true the Defendant's initial contact clearly indicated that they did not have reasonable suspicion to perform a cavity search incident to arrest. Defendant(s) place Plaintiff in a chair for about 45 minutes and came back to do a second search of Plaintiff personal (cavity search) Plaintiff protested and Sgt. Thatcher, Officer Stratton and Officer Martin snatch Plaintiff out of the chair and physically took Plaintiff to room 225 and commence to striking Plaintiff and demanded Plaintiff submit to a cavity search.

Plaintiff was held down and strip from the waist down without a medical staff nor in the require setting for cavity search as a matter of law.

## BAKERSFIELD POLICE DEPARTMENT OF RULES OF CONDUCT

W.R. RECTOR, CHIEF OF POLICE

PROCEDURE: (Specifically, Rules 1, 36, 38)

1. It is the responsibility of each officer and employee to have read, understood, and to be familiar with all of the rules, regulations, operating procedures, and other policies issued by the Bakersfield Police Department. Every officer and employee of the Department must follow, obey and abide by these rules and regulations. In the event of a violation of any of these written rules of conduct, it will be presumed that the officer or employee understood, had knowledge of, and was familiar with the rule, procedure or policy in question. A willful or deliberate failure to follow, obey, or abide by these regulations is a violation and may result in disciplinary action, including but not limited to, suspension, discharge, or demotion.

36. No officer or employee shall willfully make a false official report or report which he/she knows to contain false statements; nor shall he/she willfully omit facts that, if

known, could affect the outcome of a case; nor shall he/she omit facts in an attempt to deceive or mislead.

38. An officer or employee shall not fabricate, withhold, alter or destroy evidence of any kind, except as prescribed by law.

Bakersfield police Chief Eric Matlock said the permanent policy contains similar rules to an interim one that has been in effect since April. The permanent policy is still under final review, but a draft version of the policy defines such searches and lays out ground rules for when they may be conducted:

1. Officers must have reasonable suspicion that an individual is concealing a weapon, or probable cause to believe a person being searched is hiding contraband.
2. Unless it is a situation where a weapon or other threat to officer safety is involved, officers will not conduct a strip search unless they receive prior permission from a supervisor.
3. Searches will be conducted by officers of the same gender as those being searched.
4. If a person has to remove their clothing, it shall be done in an area of privacy so the person cannot be observed by other persons. The policy says such searches should be conducted at a jail or police station whenever possible.
5. No "physical body cavity searches" will be conducted, because these require search warrants.
6. Officers who perform in-field searches will write a report detailing their actions and the circumstances leading up to the search.

## PLAINTIFF REQUEST THE COURT GRANTS REDRESS IN THE AMOUNT OF INFRA

Plaintiff works as a construction worker at $27.00 @ eight hours a day =$216.00 for forty hours a week equal $1083.00 times four weeks equal $4332.00 projected that this criminal process goes six months totaling just for six months on compensation damages equal **$25,992.00** @ three times the amount for punitive damages $77,976.00 totaling **$ 103,968.00**.

## CLAIMS

1. Plaintiff suffered a Fourth Amendment violation by all Defendant(s) in violation of the U.S. Constitution.

2. Plaintiff suffered cruel and unusual punishment in violation of the 8th Amendment of the U.S. Constitution in that he was subject to lost of his liberty and endured irreparable damage physically and mentally via shackled, imprisoned and accused of a crime.

Date: 12-20-2009

Benny Shantel Hunter