# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BENNY SHANTEL HUNTER, | ) | 1:10cv067 OWW DLB |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING DISMISSAL OF CERTAIN |
| Plaintiff, | ) | CLAIMS AND CERTAIN DEFENDANTS |
| | ) | WITHOUT LEAVE TO AMEND |
| v. | ) | |
| | ) | ORDER GRANTING PLAINTIFF LEAVE TO |
| PETER BEAGLEY, et.al., | ) | AMEND THE 42 U.S.C. § 1983 CLAIM |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Benny Shantel Hunter ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 13, 2009.  He names Bakersfield police officers Peter Beagley, Brent Stratton, Jeffery Martin, Ryan Kroeker, and Scott Thatcher, along with Does 1-50, as Defendants.  His complaint arises out of an incident on October 4, 2009.

## DISCUSSION

A.    Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim,

1   leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by

2   amendment.

3   B.   Failure to State a Claim

4          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

7   467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

8   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

9   complaint under this standard, the court must accept as true the allegations of the complaint in

10  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

11  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

12  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13  C.   Allegations

14         In his complaint, Plaintiff alleges that on October 4, 2009, he was visiting the Western

15  Nights Motel when the Bakersfield Police "rolled in and came running up the stairs to room 225."

16  Complaint, p. 6.  Plaintiff was standing by the stairs as they passed.  However, Officer Paiz

17  stopped Plaintiff and asked if he "had any illegal drugs."  Plaintiff responded "with affirmative"

18  that he "had some weed" and then Office Paiz asked him to "consent to a search in which [he] did

19  not agree[]."  Complaint, p. 6.  Officer Paiz allegedly placed Plaintiff in handcuffs and arrested

20  him for less than an ounce of marijuana.

21         Plaintiff further alleges that he was not aware until October 23, 2009, that Defendant

22  Officer Peter Beagley claimed that he received a telephone call from a Confidential Reliable

23  Informant on October 4, 2009, that the informant observed "several subjects selling what she/he

24  [believed] to be Cocaine," that the informant described the subjects and that the informant advised

25  that the suspects were concealing the suspected Cocaine Base in their buttocks."  Complaint, p. 6-

26  7.

27         Plaintiff contends that Defendants did not have probable cause to arrest him or reasonable

28  suspicion to perform a cavity search incident to arrest.  Plaintiff alleges that Defendants placed

2

1   him in a chair for about 45 minutes and came back to do a second (cavity) search of Plaintiff.

2   Plaintiff asserts that he protested and that Defendants Sgt. Thatcher, Officer Stratton and Officer

3   Martin snatched him out of the chair, took him to room 225, commenced striking him and

4   demanded that he submit to a cavity search.  Plaintiff contends that he was held down and

5   stripped from the waist down.

6          Plaintiff cites what he purports is Bakersfield Police Department Rules of Conduct and a

7   draft strip search policy.  Plaintiff appears to assert two claims: (1) violation of the Fourth

8   Amendment to the United States Constitution; and (2) cruel and unusual punishment in violation

9   of the Eighth Amendment to the United States Constitution "in that he was subject to lost [sic] of

10  his liberty and endured irreparable damage physically and mentally via shackled, imprisoned and

11  accused of a crime."  However, Plaintiff also asserts that he seeks redress for violations of the

12  California Constitution, Article 1, sections 7 and 13, and California Penal Code § 236.

13         Plaintiff seeks compensatory and punitive damages in the total amount of $103,968.00.

14  D.     Discussion

15         1.     Eighth Amendment Claim

16         Plaintiff fails to state an Eighth Amendment claim for cruel and unusual punishment.  The

17  Eighth Amendment prohibits excessive bail, fines or cruel and unusual punishment.  Such

18  protections were designed to protect those convicted of crimes.  Bell v. Wolfish, 441 U.S. 520,

19  535, n. 16 (1979); Ingraham v. Wright, 430 U.S. 651, 664 (1977).  Based on Plaintiff's

20  allegations, there is no indication that he was entitled to Eighth Amendment protections at the

21  time of the incident.  Because Plaintiff was not a convicted prisoner at the time, the Fourth

22  Amendment rather than the Eighth Amendment protects Plaintiff from the use of excessive force.

23  See Graham v. Connor, 490 U.S. 386, 394 (1989) (Fourth and Eighth Amendment "primary

24  sources of constitutional protection against physically abusive governmental conduct"; where

25  excessive force claim arises in the context of effecting arrest it is properly characterized as

26  invoking the protections of the Fourth Amendment).  Plaintiff has alleged a Fourth Amendment

27  constitutional violation in his Complaint.  Therefore, the Court recommends that Plaintiff's Eighth

28  Amendment claim be DISMISSED WITHOUT LEAVE TO AMEND.

2.      State Law Claims

*California Constitutional Claims*

To the extent that Plaintiff seeks damages for violations of California Constitution, Art. 1, § 7 (equal protection) and § 13 (unreasonable search and seizure), he may not do so.  A plaintiff may not bring damages claims directly under Article 1, Section 7 or Section 13.  See Brown v. County of Kern, 2008 WL 544565, *17 (E.D.Cal. February 26, 2008) (plaintiff in an excessive force case could not bring a damages claim directly under Article 1, Sections 7 or 13 of the California Constitution in part because alternative statutory and/or common law causes of action were available).

*California Penal Code Claim*

Plaintiff asserts a claim for violation of California Penal Code § 236.  However, a private right of action under a criminal statute has rarely been implied.  Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979).  Where a private right of action has been implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)).  The Court has reviewed Penal Code § 236, which defines false imprisonment, and there is no indication that civil enforcement of any kind is available to Plaintiff under the statute.  See, e.g., Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (district court properly dismissed claims premised on violations of California Penal Code sections because they did not create enforceable individual rights).  Therefore, Plaintiff fails to state a claim upon which relief may be granted based on the alleged violation of Penal Code § 236.

Based on the above, the Court recommends that Plaintiff's state law claims be DISMISSED WITHOUT LEAVE TO AMEND.

3.      Individual Defendants

Plaintiff's complaint appears to state a cause of action pursuant to 42 U.S.C. § 1983 as to Defendants Thatcher, Stratton and Martin.  However, Plaintiff has failed to link Defendants Peter Beagley and Ryan Kroeker with an alleged deprivation of his rights.  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning

of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Thus, the requisite causal connection can be established not only by some kind of direct personal participation, but also by setting in motion a series of acts by another which the actor knows or reasonably should know would cause others to inflict the constitutional injury. Id. This standard of causation "...closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. International Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). Other than the caption, Plaintiff has not included any allegations in his complaint naming Defendant Kroeker and has not linked him with any alleged deprivation. As to Defendant Beagley, Plaintiff alleges only that Beagley made a claim regarding receipt of a telephone call from a Confidential Reliable Informant. Plaintiff makes no allegations linking the statement to a deprivation of his rights by Defendant Beagley. However, the Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies in his section 1983 claims against the individual defendants. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's Eighth Amendment and state law claims BE DISMISSED WITHOUT LEAVE TO AMEND.

The Court further RECOMMENDS that the remaining claims BE DISMISSED WITH LEAVE TO AMEND. Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order. Plaintiff is only granted leave to amend the section 1983 claims against the individual defendants. If Plaintiff attempts to amend beyond this claim, the Court will recommend that the entire action be dismissed.

Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in

the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

These findings and recommendations will be submitted to the Honorable Oliver W. Wanger, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 23, 2010            /s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE