# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BENNY SHANTEL HUNTER, | ) | 1:10cv0067 OWW DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| PETER BEAGLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff Benny Shantel Hunter ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed this civil rights action on January 13, 2010. He named Bakersfield police officers Peter Beagley, Brent Stratton, Jeffrey Martin, Ryan Kroeker and Scott Thatcher, along with Does 1-50, as Defendants.

    On January 25, 2010, the Court issued Findings and Recommendations that Plaintiff's Eighth Amendment and state law claims be dismissed without leave to amend. The Court also recommended that Plaintiff be given leave to amend his remaining claims against the individual defendants. The Court adopted the Findings and Recommendations regarding dismissal of certain claims on March 19, 2010.

    Additionally, the Findings and Recommendations ordered Plaintiff to file an amended complaint within thirty (30) days. More than thirty (30) days passed and Plaintiff failed to file an amended complaint. Therefore, on March 15, 2010, the Court issued an Order to Show Cause

1

why the action should not be dismissed for failure to file an amended complaint. The show cause order directed Plaintiff to file a response or an amended complaint within thirty (30) days. More than thirty (30) days have passed and Plaintiff has not filed an amended complaint, responded to the Order to Show Cause, or otherwise contacted the Court.

For the reasons discussed below, the Court recommends that this action be dismissed for failure to follow a Court order.

**DISCUSSION**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

1  In the instant case, the Court finds that the public's interest in expeditiously resolving this
2 litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case
3 has been pending since January 13, 2010, and Plaintiff has been given an opportunity to correct
4 the deficiencies in his complaint.  The third factor, risk of prejudice to defendants, also weighs in
5 favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable
6 delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).
7 The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
8 outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a
9 party that his failure to obey the court's order will result in dismissal satisfies the "consideration
10 of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779
11 F.2d at 1424.  The Court's March 15, 2010, order requiring Plaintiff to file a response or an
12 amended complaint expressly stated: "Failure to do so will result in a recommendation that this
13 action be dismissed for failure to follow the Court's orders."  Thus, Plaintiff had adequate
14 warning that dismissal would result from his noncompliance with the Court's order.

### **RECOMMENDATION**

16  Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for
17 failure to follow a court order.

18  These findings and recommendations will be submitted to the Honorable Oliver W.
19 Wanger, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after
20 being served with these Findings and Recommendations, Plaintiff may file written objections
21 with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings
22 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
23 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
24 (9th Cir. 1991).

25  IT IS SO ORDERED.

26  Dated:   **May 2, 2010**        /s/ **Dennis L. Beck**
                             UNITED STATES MAGISTRATE JUDGE